# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN STEWART** | **CASE NO. 2:22-cv-2731** |
| **V.** | **JUDGE** |
| **NORTHBRIDGE GENERAL INSURANCE CORPORATION, RAMAS RAJADURAI, DYNEVOR EXPRESS, LTD, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **MAG. JUDGE** |

## NOTICE OF REMOVAL

Dynevor Express, Ltd. gives notice that this action has been removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is permitted because the amount in controversy exceeds $75,000, the parties are diverse, and all defendants properly joined and served consent to removal.

### I. INTRODUCTION

This is a personal injury case arising from an automobile accident that allegedly occurred on July 15, 2021, in Orleans Parish, Louisiana. Plaintiff alleges that, as he was driving Southbound on Franklin Avenue, another vehicle operated by Ramas Rajadurai failed to stop at a stop sign at the intersection with 4th Street, struck Plaintiff's vehicle, and caused Plaintiff injuries to his upper and lower extremities, as well as severe pain in his cervical, thoracic, and lumbar spine. Plaintiff alleges that, at the time of the accident, the vehicle operated by Mr. Rajadurai was owned by Dynevor Express, and that Mr. Rajadurai was an employee of Dynevor Express acting in the course and scope of his employment. Plaintiff alleges that, at the time of the accident, the vehicle operated

by Mr. Rajadurai was covered by a policy of insurance issued by Northbridge General Insurance Corporation. Plaintiff alleges that State Farm Mutual Automobile Insurance Company is his UM carrier.

## II.    JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which provides as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

This is a civil action in which the amount in controversy exceeds $75,000 and which is between citizens of different states and citizens of a foreign state.

### A.    Amount in Controversy

Although the petition for damages does not include a specific monetary demand, the petition for damages does allege that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] Accordingly, the amount in controversy requirement is satisfied.

---

[1] Exhibit A (State Court Record, Petition for Damages).

### B. Diversity of Citizenship

All properly joined parties are diverse:

#### 1. *Plaintiffs*

On information and belief, Plaintiff is a citizen of **Louisiana**.

#### 2. *Defendants*

- Northbridge General Insurance Corporation, which, on information and belief, is a citizen of **Canada**;

- Dynevor Express, Ltd, which, on information and belief, is a citizen of **Canada**;

- Ramas Rajadurai, who on information and belief, is a citizen of **Canada**;

- State Farm Mutual Automobile Insurance Company,[2] which, on information and belief, being incorporated under the laws of Illinois and with its principal place of business in Illinois, is a citizen of **Illinois**.

No defendant is a citizen of Louisiana. Thus, the diversity requirement is satisfied.

## III. REMOVABILITY

### A. Timeliness

To be timely, a notice of removal must be filed within 30 days of service of the initial pleading. 28 U.S. Code § 1446(b)(1). The initial pleading in this case was the petition for damages, which was filed on June 20, 2022, and served on Defendants on August 9, 2022. Accordingly, the notice of removal is timely.

### B. Consent

Where, as here, a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.

---

[2] Although designated a "company," on information and belief, State Farm Mutual Automobile Insurance Company is a corporation.

Code § 1446(b)(2)(a). On information and belief, all properly joined and served defendants consent to removal.

## IV. CONCLUSION

For the reasons stated above, removal is permitted and Dynevor Express respectfully notifies this Court that this case has been removed, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

    Respectfully submitted,

    WILSON ELSER MOSKOWITZ EDELMAN
    & DICKER LLP

    <u>/s/ Donald G. Cassels, III</u>
    Michael A. Harowski (La. Bar No. 30543)
    Donald G. Cassels, III (La. Bar No. 33765)
    650 Poydras Street, Suite 2200
    New Orleans, Louisiana 70124
    Phone: (504) 702-1710
    Fax: (504) 702-1715
    Michael.Harowski@wilsonelser.com
    Donald.Cassels@wilsonelser.com

    *Attorneys for Defendant Dynevor Express, Ltd*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing notice of removal has been served on all adverse parties by electronic mail on this 18th day of August, 2022.

/s/ Donald G. Cassels, III
Donald G. Cassels, III (La. Bar No. 33765)
