2022-06099

M

Section 13

Case 2:22-cv-02731-JTM-KWR   Document 1-2   Filed 08/18/22   Page 1 of 4

FILED
2022 JUL 08   P 04:59
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                         DIVISION " "                    SECTION NO.

**JONATHAN STEWART**

**VERSUS**

**NORTHBRIDGE GENERAL INSURANCE CORPORATION,
RAMAS RAJADURAI, DYNEVOR EXPRESS, LTD,
AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

FILED: _____       _____
                                          **DEPUTY CLERK**

**PETITION FOR DAMAGES**

The petition of JONATHAN STEWART a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who respectfully represents that:

1.

Made defendants herein are:

(a) NORTHBRIDGE GENERAL INSURANCE CORPORATION, a foreign insurance company authorized to do and conducting business within the State of Louisiana;

(b) RAMAS RAJADURAI, upon information and belief is a person of the full age of majority and is a resident of Ontario, Canada;

(c) DYNEVOR EXPRESS, LTD, upon information and belief is a foreign company authorized to do and conducting business within the State of Louisiana; and,

(d) STATE FARM MUTUAL AUTUMOBILE INSURANCE COMPANY, in its capacity as UM carrier, is a foreign insurance company authorized to do and conducting business within the State of Louisiana;

who are truly and justly indebted *in solido* unto your petitioner for the following reasons, to-wit:

2.

On or about July 15, 2021, petitioner herein, JONATHAN STEWART, was operating his 2017 GMC Sierra pick-up truck driving in a lawfully prudent manner traveling southbound on Franklin Avenue, near its perpendicular intersection with 4th Street, within the Parish of Jefferson, State of Louisiana.

3.

On the same date and time, tortfeasor and defendant herein, RAMAS RAJADURAI, was negligently operating a 2018 Freightliner Tractor-Trailer commercial vehicle traveling westbound

2022-06099　Case 2:22-cv-02731-JTM-KWR　Document 1-2　Filed 08/18/22　Page 2 of 4

M

Section 13

FILED
2022 JUL 08  P 04:59
CIVIL
DISTRICT COURT

on 4th Street. As your Petitioner gradually proceeded through the intersection, suddenly and without any warning, the tortfeasor disregarded the governing stop sign on 4th Street and prematurely entered the intersection thereby crashing into the driver's side of your Petitioner's vehicle, causing damages and injuries as hereinafter alleged.

4.

The impact was so powerful that is caused your Petitioner's vehicle to spin out of control in a clockwise rotation where it ultimately came to rest.

5.

The proximate cause of the subject collision was the negligence of tortfeasor and defendant herein, RAMAS RAJADURAI, in the following, non-exclusive respects:

(a) Failing to see what he should have seen;
(b) Operating his vehicle in a careless and reckless manner;
(c) Failing to keep his vehicle under control;
(d) Failing to maintain a proper look out;
(e) Failure to yield;
(f) Disregarding a stop sign;
(g) Driving too fast under the circumstances; and,
(h) All other acts of negligence to be shown at the time of trial.

6.

The proximate cause of the accident was the negligence of defendant herein, DYNEVOR EXPRESS, LTD, in the following non-exclusive respects:

(a) Failing to properly hire, supervise, and/or retain competent employees;
(b) Failing to properly train its employee;
(c) Failing to provide a safe vehicle to its employee; and
(d) Negligently entrusting a vehicle to its employee.

7.

At all times relevant herein, tortfeasor and defendant, RAMAS RAJADURAI, was acting within the course and scope of his employment for DYNEVOR EXPRESS, LTD, and therefore DYNEVOR EXPRESS, LTD is liable under the principle of *respondeat superior*.

E-Filed

2022-06099
M
Section 13

Case 2:22-cv-02731-JTM-KWR   Document 1-2   Filed 08/18/22   Page 3 of 4

FILED
2022 JUL 08  P 04:59
CIVIL
DISTRICT COURT

8.

As a direct result of the negligence of defendant RAMAS RAJADURAI, plaintiff JONATHAN STEWART, sustained serious injuries including but not limited to injuries to his upper and lower extremities, as well as severe pain in his cervical, thoracic, and lumbar spine such that he is entitled to an amount commensurate with his damages and injuries to include physical pain and suffering, mental anguish, medical expenses past, present, and future, loss of income past, present, and future, loss of earning capacity, loss of enjoyment of life, property damage, towing, storage, depreciation, loss of use, and rental, all as reasonable under the premise, to be determined by the trier of fact.

9.

At all times relevant herein, NORTHBRIDGE GENERAL INSURANCE CORPORATION provided liability coverage for the vehicle being operated by defendant RAMAS RAJADURAI, on the date of this collision and for the types of damages sought herein. As such, NORTHBRIDGE GENERAL INSURANCE CORPORATION is made a party defendant.

10.

Petitioner has reason to believe and alleges that the policy of insurance issued to defendant, RAMAS RAJADURAI, is insufficient to cover the extensive damages suffered by your petitioner. Petitioner had in full force and effect on July 15, 2021, a policy of insurance issued by STATE FARM MUTUAL AUTUMOBILE INSURANCE COMPANY which provided for uninsured/underinsured motorist benefits (and medical benefits) and STATE FARM MUTUAL AUTUMOBILE INSURANCE COMPANY is also made a party defendant hereto, in its capacity as UM carrier.

11.

The good faith amount in controversy for petitioner's claim does exceed $75,000, exclusive of interest and costs.

**WHEREFORE**, plaintiff herein, JONATHAN STEWART, prays that defendants, NORTHBRIDGE GENERAL INSURANCE CORPORATION, RAMAS RAJADURAI, DYNEVOR EXPRESS, LTD, and STATE FARM MUTUAL AUTUMOBILE INSURANCE COMPANY, in its UM capacity, be served with a copy of this *Petition*, and that after all legal delays they be required to answer same, and after all proceedings there be a judgment in favor of plaintiff for all amounts commensurate with his damages to include physical pain and suffering,

2022-06099
M
Section 13

Case 2:22-cv-02731-JTM-KWR   Document 1-2   Filed 08/18/22   Page 4 of 4

FILED
2022 JUL 08  P 04:59
CIVIL
DISTRICT COURT

mental anguish, permanent disability, medical expenses past, present, and future, loss of earning capacity, loss of enjoyment of life, property damage, towing, storage, depreciation, loss of use, and rental, all as reasonable under the premise, to be determined by the trier of fact, said judgment against defendants, NORTHBRIDGE GENERAL INSURANCE CORPORATION, RAMAS RAJADURAI, DYNEVOR EXPRESS, LTD, and STATE FARM MUTUAL AUTUMOBILE INSURANCE COMPANY, jointly, severally, and *in solido*, together, with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, for all expert fees, and for all general and equitable relief.

Respectfully submitted:

*Glago Williams, LLC*

Mark P. Glago, Bar No. 25395
Jatavian L. Williams, Bar. No. 33431
Katherine E. May, Bar No. 32578
Christopher G. Otten, Bar No. 32626
First Bank & Trust Tower - 29th Floor
909 Poydras Street
New Orleans, Louisiana 70112
Telephone:     (504) 500-2020
Facsimile:     (504) 599-8699
              mglago@glagowilliams.com
              jwilliams@glagowilliams.com
              kmay@glagowilliams.com
              cotten@glagowilliams.com

*Attorneys for Petitioner Jonathan Stewart*

PLEASE SERVE:

**STATE FARM MUTUAL AUTUMOBILE INSURANCE COMPANY** *(in its UM Capacity)*
*Through its Registered Agent*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

PLEASE SERVE VIA LOUISIANA LONG-ARM STATUTE LA R.S. 13:3201 *et. seq.*:

**NORTHBRIDGE GENERAL INSURANCE CORPORATION**
*At its Principal Place of Business*
105 Adelaide Street West
Toronto, Ontario M5H 1P9, Canada

**DYNEVOR EXPRESS, LTD**
*At its Principal Place of Business*
24 Bethridge Road
Etobicoke, Ontario M9W 1N1, Canada

**RAMAS RAJADURAI**
*At his Place of Residence*
4351 Curia Crescent
Mississauga, Ontario L4Z 2X5, Canada

E-Filed