UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JONATHAN STEWART**            **CIVIL ACTION**

**VERSUS**            **NO: 22-2731**

**NORTHBRIDGE GENERAL
INSURANCE CORP. ET AL.**            **SECTION: "H"**

**ORDER AND REASONS**

The Court now examines subject matter jurisdiction *sua sponte*. Defendant Dynevor Express Ltd. has failed to adequately plead diversity jurisdiction in its Notice of Removal. Accordingly, Defendant shall amend its notice to correct this jurisdictional defect within 10 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[3] "The concept of complete diversity requires

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

[2] *See* 28 U.S.C. § 1332.

[3] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

1

that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state in which it has been incorporated and of the state where it has its principal place of business."[5] Thus, "[i]n cases involving corporations, allegations of citizenship *must* set forth the state of incorporation as well as the principal place of business for each corporation."[6] Defendant has failed to properly allege the citizenships of Northbridge General Insurance Corporation or Dynevor Express, Ltd.

Defendant's failure to properly allege citizenship is not fatal.[7] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[8] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[9] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[10] The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present. Accordingly, Defendant is granted leave to amend the Notice of

---

[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

[5] *See* 28 U.S.C. § 1332(c)(1).

[6] Getty Oil, 841 F.2d at 1259 (emphasis added) (citation omitted).

[7] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).

[8] *Id.* at 888.

[9] *Id.*

[10] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

Removal to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to adequately allege diversity of citizenship. Defendant is granted leave to amend the Notice of Removal within 10 days from the entry of this Order. Failure to file timely an amended notice will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana this 6th day of April, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**